Court is going to call Appeal 25-2428, Irma Herrera v. United States, and we're going to begin with oral argument on behalf of the appellant. Mr. Manchik, we'll recognize you first. Thank you, Your Honors. I'd like to reserve three minutes for... Very good. Thank you. Your Honor, this case is about a 23-year-old, this is about a 23-year-old lady who was pregnant, went in for delivery. The two obstetricians that were involved did not handle the procedure properly, we allege, caused negligence, and resulted in a hysterectomy for a 23-year-old. And we filed a claim in state court, timely, and the Attorney General's Office came in and certified it and removed the case under 233. And we had, once they came in, filed for our administrative remedies even prior to the 60 days that starts. And then once we got notice that the claim was denied by the administrative remedies, we filed the lawsuit, which is now captioned as 20-CVO-5238. The court initially, Judge Norgo, entered an opinion that the case could not be dismissed and that it falls under the Westfault Savings Clause and ordered that the Westfault Savings Clause applies to plaintiff's case. The case is therefore timely brought and should proceed and denied the USA's motion to dismiss. We did all the written discovery, all the oral discovery, disclosed experts, did expert discovery, and received a trial date. The case of Evans was on appeal and the attorneys for the Attorney General's Office requested a stay of further proceedings after all the work was done to wait for the opinion in Evans. The problem with the Evans opinion is they don't read the language of the statutes. If you look specifically at Section 233, which the Constitution of the United States argues that the case was removed under and substitution allowed by the United States of America, that statute specifically states, upon certification by the Attorney General that the defendant was acting in the scope of the employment of time of incident out of which the lawsuit arose, any civil action or proceeding commenced in the state court shall be removed without bond at any time before trial by the Attorney General to the District Court of the United States, the district where it happened, deemed a tort action brought against the United States under the provisions of Title 28. Title 28 includes the Westfault Savings Clause. That was not addressed in Evans because . . . But are the medical professionals here employees of the United States for the Westfault Act or are they only deemed employees under 233? The employees, they were alleged to be employees of a clinic and the clinic was receiving federal funding. Does that answer your question? I think it lays the basis for it, right? But you have the Westfault Act talking about employees of the United States and it talks about defendant employee in multiple sections.  And in 233, it talks about the actors here being deemed employees, but not for every purpose whatsoever. Correct. And they don't have . . . But this 233 specifically talks about tort and this is a tort action by someone deemed to be an employee by virtue of their association with the clinic receiving federal funding. So yes, deemed to be an employee, unknown to the plaintiff, unfortunately. The Evans case does not address that issue. What we're arguing today is the plain language of the statute. The Evans court and the United States here are using words like substitution, which 233 does not allow. Okay? And they're trying to dismiss the case under 233. But you can only substitute because the specific 233 statute says, the proceeding deemed a tort action brought against the United States under the provision of Title 28 and all references thereto, which would include the Westfault Savings Clause. Now, why would we try to figure something out when the language is clear? The plain language of the statute controls if it's clear. If not, the court interprets the language. But here, the language is clear. The Evans opinion seems to assume that the PHSA, rather than the Westfault Act, provides for that substitution. We're debating about that assumption. That's what the plain court is. That's exactly what it is. And there is, I have that here, and there is nothing that allows for substitution. Nothing. And I've read it, and I've read it, and read the cases, and it just doesn't exist. It was inferred. And the Evans court doesn't cite to it. There's nothing in the statute that says substitution. It says Title 28, which is the Federal Tort Claims Act, and that is what, and all its, let me give you the exact, and all references thereto. So the whole act, you can get to remove it under 233, but you get to substitute under Rule 28, Title 28, which brings in the Westfault Savings Clause. Would you like to reserve the remainder of your time? I would, Your Honor. Very good. Mr. Manchik, why don't you leave your materials up there? Is that okay? That's fine. Absolutely. Ms. Tierman, we'll now move to you for argument on behalf of the appellee. Thank you. May it please the court, counsel. Tort claims against the United States must be presented to the appropriate federal agency within two years or they're forever barred. In this case, it's undisputed that that did not happen. Herrera's counsel missed that deadline by five months, and they are now seeking to buy that time back through a savings provision that does not apply. Let's explore that, Ms. Tierman. The pre-Westfault Act case law seems to indicate the United States was not automatically substituted as a defendant under acts like the Federal Driver's Act or the PHSA. It suggests that substitution had to occur on a motion under the Federal Civil Procedure. Does that undercut the government's assertion that the phrase, quote, deemed a tort action brought against the United States, end quote, means the substitution is supposed to be automatic? The substitution is clearly self-executing under Section 233. What Section 233 is concerned about is immunity for our clinic health care providers and exclusivity of a remedy against the United States. If it's clear, though, why did Congress add that language about substitution in the Westfault Act after the deemed phrase? Doesn't that reading of the PHSA create a redundancy in the Westfault Act? It says the same thing twice. I'm not sure, Your Honor, but I think we can understand from the Supreme Court's ruling and Hui as well, that substitution, exclusivity of the United States, is deemed to be self-executing under Section 233. So when the United States learns of a case being brought against clinic providers in state court, for example, which happened, there are two case numbers associated with Ms. Herrera's lawsuit, a 19 case and a 2020 case. When we learned in 2019 that the clinic providers were being sued in state court, we removed the case pursuant to Section 233. The clinic providers fall off the caption, and when we file the civil cover sheet, the United States is the defendant then. And so that's the self-executing substitution of the United States. And that's exactly what it's clear that 233 is meant to establish, because the exclusive remedy is against the United States, and the doctors are then rendered mere witnesses in the case. They're immunized from liability. What happened in this case is that then there was a motion to dismiss for failure to exhaust. Ms. Herrera made efforts to exhaust, and then brought the case again under the 2020 case caption, and then we moved for failure to timely present to the agency. And that picks up on the narrative that Mr. Manchek raised then. The court has settled this question in Evans. The court made very clear that when there's a medical malpractice claim against a deemed employee of the public health service, the plaintiff erroneously files in state court, then removed under Section 233, the Westfall Act saving provision does not apply. If we end up vacating Evans, and holding that automatic substitution in this case occurred according to the Westfall Act rather than the PHSA, do you concede that the savings clause would apply? Yes, Your Honor. If the substitution happened pursuant to the Westfall Act amendments, then if the substitution happened pursuant to it, then the savings provision kicks in. But as Your Honor noted, it doesn't make sense to consider removal as happening under Section 233, and substitution happening under a section that concerns federal employees, true federal employees, as opposed to deemed employees of the public health service, which have their own statute, in which Congress was concerned about a different objective, which was insulating these providers from the need to purchase medical malpractice insurance. So because these providers have their own statute, that statute clearly provides for exclusivity of remedy against the United States, and immunity for the providers. Congress doesn't have to encamp magic language. The fact that the word substitution isn't there doesn't mean Congress hasn't made itself clear. There is substitution of the United States for the providers pursuant to 233, and therefore the Westfall Act, which is self-limiting to cases in which substitution happens pursuant to that subsection, would not apply. If there are no further questions? Can you elaborate on what you were going to say about HUI? And are you... HUI has a statement in it when talking about the scope certification required under the Westfall Act in comparing to 233A. It goes on to say that the procedure authorized by 2679D is not necessary to affect substitution of the United States. I'm guessing you're familiar with this. How much can we read into that that that would apply to the substitution issue here? I think that this is addressed, Your Honor, if I understand your question correctly, on page 12, footnote 4 of our response. And this addresses the mechanism of substitution. So... Just reviewing here. So in HUI, the court observed that Section 233 does not contain a certification mechanism for cases filed in federal court. But that means only that ordinary rules of procedure and evidence must be invoked to secure immunity and or substitution of the United States in such a case. So the certification doesn't need to be filed when there's removal under Section 233. But that doesn't change the operation of the basic point of the statute, which is that United States is going to be the exclusive defendant. That's who your remedy is against. And this is an advantage, by the way, for practitioners like my friends on the other side here, because if these providers were to be named as defendant in state court, you know, often in those cases, it's the insurance caps that end up governing what the cases are going to settle for or influencing it. Here, plaintiffs like Ms. Herrera, if the procedures are followed correctly, have the United States Treasury, the vast troughs of money there to be able to achieve a remedy. So if the procedures are followed and the United States is named as a defendant because it is the only proper defendant, there is a remedy for plaintiffs who allege that there was malpractice in these clinics like Ms. Herrera. Are there no further questions? Thank you, Ms. Terman. Mr. Manchik, we'll go back to you now for a rebuttal argument. Okay. If I could have a moment just to find... In Judge Norco's opinion, the defendant argues that the plaintiff's case must be dismissed because she has failed to properly administrate or exhaust her remedies. He then finds that he goes through a long description of injuries and damages leading to the hysterectomy, which is really awful here. And I don't want to waste my time talking about it, but he denies the motion to dismiss, and he actually says the Westfault Savings Clause does apply, and if you look to evidence, that issue's not addressed.  So there's no substitution allowance made there. So the only way to do it is to follow the law, which is so crystal clear in the statute for 233. It says if you use 233, then you are going to incorporate all aspects of Title 28, which includes the Westfault Savings Clause, which means this case should remain. So we believe that the case wasn't properly argued in Evans or all aspects of it were not resolved. Can I pause my time for a second?  All right. So anyhow, the law is clear. When a statute, the language is clear. You don't need to try to interpret it. The legislature makes the law, the judiciary enforces the law or analyzes and interprets the law. Here you have statutes that specifically say what the law is, and all we're asking is that you rely on what the language of the statute says under 233. If the case is removed, you have to use 28 to substitute, Title 28 to substitute, which brings in the Westfault Savings Clause and allows this case to proceed. The case was filed timely in state court. It was removed. Once we learned of that, and even before the 60 days, we filed for our administrative remedies, even before we were required to. And once they were denied, we refiled our case. And we worked up the entire case all through expert discovery. Thank you, Mr. Mantryk. Thank you. Thank you, Mr. Chairman. The case will be taken under advisement.